Marshall E. Livingston, J.
This is an article 78 (CPLR) proceeding brought to review the determination of the Town Board of the Town of Fleming, Cayuga County, New York, which awarded a contract1 ‘ for Reading, Billing, Collecting, On Water Meters, and all necessary Records and Accounting, also Storing Water Meters ”. The contract was awarded to George Brothers, who bid $2,400 to perform these services.
The controversy arose in this manner. On March 12 and March 15, 1968, the town advertised in an Auburn paper for bids to be submitted until April 1, 1968, for the services quoted above, reserving “ the right to reject all Bids ”.
On April 1,1968 the bids were opened. The petitioner herein submitted the low bid of $1,500, and George Brothers submitted one for $2,500. On April 10, 1968 all bids were rejected by the *998 Town Board. At a later time, without readvertising for new bids, the Town Board awarded the contract to George Brothers for $2,400.
This determination by the Town Board was made in violation of lawful procedure and must be set aside. The Town Board, having elected to advertise for bids on these services, is directed to readvertise for competitive bids, pursuant to subdivision 1 of section 103 of the General Municipal Law.
It is clear that the Town Board expected this contract for public work to involve an expenditure of more than $2,500, and consequently, it advertised for sealed bids. The last sentence of subdivision 1 of section 103 of the General Municipal Law sets forth the procedure to be followed in this case. The sentence reads: ‘ ‘ Such officer, board or agency may, in his or its discretion, reject all bids and readvertise for new bids in the manner provided by this section.”
While the sentence is permissive, as indicated by the use of the word “may”, nevertheless, having elected to proceed in this manner, I hold the Town Board is then bound to readvertise, when it rejects all bids in the first instance.
My interpretation of section 103 of the General Municipal Law also finds support in several opinions of the State Comptroller (see 12 Op. St. Comp., 1956, p. 130; 12 Op. St. Comp., 1956, p. 138; 16 Op. St. Comp., 1960, p. 385; 15 Op. St. Comp., 1959, p. 463). The last-cited opinion concerned the award of a contract on an alternate bid to a bidder who increased his bid. Whether a bidder increases or decreases his alternate bid makes no difference. A municipality may not accept an alternate bid without readvertising when it has chosen initially to ask for sealed bids.